BLANK ROME LLP
Attorneys for Defendant
Jack A. Greenbaum (JG-0039)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 885-5000
jgreenbaum@blankrome.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OCEAN BULKER I LLC,<br><br>    Plaintiff,<br><br>-against-<br><br>FLUVIOMAR INTERNATIONAL LIMITED,<br><br>    Defendant. | 09 Civ. 6446 (PAC) |

**DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS COMPLAINT FOR
<u>LACK OF SUBJECT MATTER JURISDICTION</u>**

# TABLE OF CONTENTS

|   | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| FACTS | 1 |
| ARGUMENT | 1 |
|     A CONTRACT FOR THE PURCHASE AND SALE OF A SHIP IS NOT WITHIN THE ADMIRALTY JURISDICTION | 1 |
| CONCLUSION | 5 |

# TABLE OF AUTHORITIES

Page

**CASES**

*A. Elephant Corp. v. Hifocus Group Ltd.*,
    08 Civ 9969 (HB), 2009 U.S. Dist. LEXIS 19396 (S.D.N.Y. March 10, 2009) .......................3

*Cary Marine, Inc. v. The PAPILLON*,
    872 F. 2d 751 (6th Cir. 1989) ..........................................................................................2

*Casco Marine Development LLC v. M/V FORRESTAL*,
    384 F. Supp. 2d 154 (D. D.C. 2005)................................................................................1

*Container Leasing Corp. v. Oceanic Operations Corp.*,
    682 F. 2d 377 (2d Cir. 1982)............................................................................................2

*Distribuidora Dimsa S.A. v. Line Aerea Del Cobre S.A.*,
    768 F. Supp. 74 (S.D.N.Y. 1991) .....................................................................................5

*Exmar Shipping N.V. v. Polar Shipping S.A.*,
    06CV12991(HB), 2008 U.S. Dist. LEXIS 65504 (S.D.N.Y. Aug. 27, 2008) ....................1, 4

*Flota Maritima Browning de Cuba S.A. v. Snobl*,
    363 F. 2d 733 (4th Cir. 1966) ..........................................................................................2

*Folksamerica Reinsurance Co. v. Clean Water of New York, Inc.*,
    413 F. 3d 307 (2d Cir. 2005)............................................................................................4

*Great Eastern Shipping Co. Ltd. v. Maritime Tankers and Shipping Co. Int'l Ltd.*,
    09 Civ. 502 (PKL), 2009 U.S. Dist. LEXIS 21358 (S.D.N.Y. Jan. 21, 2009).....................3

*Herman Family Revocable Trust v. The TEDDY BEAR*,
    254 F. 3d 802 (9th Cir. 2001) ..........................................................................................2

*International Shipping Co. S.A. v. Hydra Offshore Inc.*,
    875 F. 2d 388 (2d Cir. 1989)............................................................................................2

*Kalafrana Shipping Ltd. v. Sea Gull Shipping co. Ltd.*,
    91 F. Supp. 2d 505 (S.D.N.Y. 2008).................................................................................4

*Magellanes Investment, Inc. v. Circuit Systems, Inc.*,
    994 F. 2d 1214 (7th Cir. 1993) ........................................................................................2

*Norfolk Southern Railway Co. v. James N. Kirby Pty. Ltd.*,
    543 U.S. 14, 125 S. Ct. 385, 160 L. Ed. 2d 283 (2004)................................................3, 4

128920.00602/6776033v.1

*Ocean Benignity Ltd. v. Ocean Maritime Co., Ltd.*,
    09 Civ. 1324 (DAB), 2009 U.S. Dist. LEXIS 32775 (S.D.N.Y. April 3, 2009) ...................... 3

*Polestar Maritime Ltd. v. Nanjing Ocean Shipping Co. Ltd.*,
    09 Civ. 2673 (GEL), 2009 U.S. Dist. LEXIS 32548 (S.D.N.Y. April 14, 2009) .................... 3

*Twin City Barge & Towing Co. v. Aiple*,
    709 F. 2d 507 (8th Cir. 1983) ........................................................................................ 2

*Unicorn Bulk Traders Limited v. Fortune Maritime Enterprises, Inc.*,
    08 Civ. 9710, 2009 U.S. Dist. LEXIS 3576 (S.D.N.Y. Jan. 20, 2009) ............................... 4

*Vrita Marine Co. Ltd. v. Seagulf Trading LLC*,
    572 F. Supp. 2d 411 (S.D.N.Y. 2008) .............................................................................. 4

**OTHER AUTHORITIES**

Grant Gilmore and Charles L. Black, Jr., The Law of Admiralty (2d Ed. 1975) ......................... 2

Gruendel, Robert J. and Crain, Angelique M. *Admiralty Law in the Wake of Terrorism*,
    77 Tul. L. Rev. 1235 (2003) .......................................................................................... 2

Note: *Admiralty Practice After Unification: Barnacles on the Procedural Hull*
    81 Yale L. J. 1154 (1972) .............................................................................................. 2

Note: *Admiralty Jurisdiction and Ship Sale Contracts*,
    6 Stan. L. R. 540 (1954) ................................................................................................ 2

Steven F. Friedell, Benedict On Admiralty (7th Ed. 2006 Rel.) ................................................... 2

Braxton Williams, *Can the "Dead Ship" Doctrine Ever Remove a Suit Brought in
    Personam on a Maritime Contract From Federal Admiralty Jurisdiction*, 34 Transp.
    L. J. 415 (2007) ............................................................................................................ 2

This memorandum is submitted on behalf of Defendant's, FLUVIOMAR INTERNATIONAL LIMITED ("Defendant"), motion pursuant to F. R. Civ. P. Rule 12(b)(1) to dismiss the Complaint for lack of subject matter jurisdiction. The Complaint (Ex. 1 to the Declaration of Jack A. Greenbaum, Esq.) invokes only admiralty jurisdiction, pursuant to 28 U.S.C. § 1333. The claim, however, is for an alleged breach of a ship sale contract, which is not within the admiralty jurisdiction. No other basis for subject matter jurisdiction exists.

## FACTS

The Complaint asserts a claim for damages and, alternatively, for specific performance, for Defendant's alleged refusal to honor a duty to purchase an ocean going vessel, at a predetermined price, pursuant to a put-and-call option agreement. (Compl. ¶¶ 2-3 and Ex. C thereto.) Plainly, this is a contract for the sale and purchase of a vessel.

## ARGUMENT

### A CONTRACT FOR THE PURCHASE AND SALE OF A SHIP IS NOT WITHIN THE ADMIRALTY JURISDICTION

It is currently "black letter law" that a contract for the purchase and sale of an ocean going vessel is not a maritime contract or subject to this Court's admiralty jurisdiction.

In *The Steamer Eclipse*, 135 U.S. 699, 10 S. Ct. 873, 34 L. Ed. 269 (1890), the Supreme Court of the United States was faced with a dispute between part owners of a ship who claimed they had validly sold the vessel, and the ship's Master, who was also a part owner and disputed his co-owners' right to sell it. Additionally, the ship owners' creditors sought to enforce a trust on the sale proceeds, and the putative purchasers intervened to request specific performance of the sale contract. The Court held admiralty lacked equitable power to impose a trust or order specific performance. The Court also remarked: "There was nothing maritime about the claims

of the interveners, and the intervention was properly dismissed for want of jurisdiction over the subject matter." 135 U.S. at 608, 10 S. Ct. at 876, 34 L. Ed. at 272.

Commentators and jurists disagree whether the *ECLIPSE* meant that a claim under a ship sale contract is not maritime, or a claim for specific performance is not maritime. *Exmar Shipping N.V. v. Polar Shipping S.A.*, 06CV12991(HB), 2008 U.S. Dist. LEXIS 65504 (S.D.N.Y. Aug. 27, 2008); *Casco Marine Development LLC v. M/V FORRESTAL*, 384 F. Supp. 2d 154, 160 (D. D.C. 2005); Braxton Williams, *Can the "Dead Ship" Doctrine Ever Remove a Suit Brought in Personam on a Maritime Contract From Federal Admiralty Jurisdiction?*, 34 Transp. L. J. 415 n. 96 (2007); Note: *Admiralty Practice After Unification: Barnacles on the Procedural Hull*, 81 Yale L. J. 1154, 1160 (1972) (all suggesting that the Court held a ship sale contract is not maritime); *c.f. Jack Neilson, Inc. v. Tug Peggy*, 428 F. 2d 54, 58 (5 th Cir. 1970) ("The first[1] and most influential case for the proposition that ship-sale contracts are outside admiralty jurisdiction was The Ada, 2 Cir. 1918, 250 F. 194."); *Flota Maritima Browning de Cuba v. The CIUDAD DE LA HABANA*, 181 F. Supp. 301, 307 (D. Md. 1960); Steven J. Friedel, 1 Benedict On Admiralty (7th Ed. 2006 Rel.) § 186 at 32.3; Grant Gilmore and Charles L. Black, Jr., The Law of Admiralty (2d Ed. 1975), at 26 n. 90; Robert J. Gruendel and Angelique M. Crain, *Admiralty Law in the Wake of Terrorism*, 77 Tul. L. Rev. 1235 n. 51 (2003); Note: *Admiralty Jurisdiction and Ship Sale Contracts*, 6 Stan. L. R. 540 n. 3 (1954).

There is no doubt, however, that the Second Circuit and every other U.S. Court of Appeals which has considered the issue has held clearly and unequivocally that ship sale contracts are not maritime and not within the federal courts' admiralty jurisdiction. *The ADA*, 250 F. 194 (2d Cir. 1918); *Herman Family Revocable Trust v. The TEDDY BEAR*, 254 F. 3d 802

---

[1] Underscoring throughout this memorandum is added by us.

(9th Cir. 2001); *Magellanes Investment, Inc. v. Circuit Systems, Inc.*, 994 F. 2d 1214 (7th Cir. 1993); *Cary Marine, Inc. v. The PAPILLON*, 872 F. 2d 751 (6th Cir. 1989); *Twin City Barge & Towing Co. v. Aiple*, 709 F. 2d 507 (8th Cir. 1983); *Jack Neilson, Inc., supra*; *Flota Maritima Browning de Cuba S.A. v. Snobl*, 363 F. 2d 733 (4th Cir. 1966).

Further, the Second Circuit has reiterated the rule in relatively recent years, albeit in dicta. *International Shipping Co. S.A. v. Hydra Offshore Inc.*, 875 F. 2d 388, 291 n. 5 (2d Cir. 1989); *Container Leasing Corp. v. Oceanic Operations Corp.*, 682 F. 2d 377, 380 n. 4 (2d Cir. 1982).

The rationale underlying the rule is that a maritime contract must concern transportation by sea, relate to navigation or maritime employment, or be one of navigation and commerce on navigable waters. *The Ada*, 250 Fed. at 198

There is no question that the rule has often been criticized, and recently challenged in several maritime attachment cases in this District. Nevertheless, with a single exception, the judges of this bench have abided by their duty to follow the Second Circuit's standing precedent in *The Ada*, as should this Court as well. *Polestar Maritime Ltd. v. Nanjing Ocean Shipping Co. Ltd.*, 09 Civ. 2673 (GEL), 2009 U.S. Dist. LEXIS 32548 (S.D.N.Y. April 14, 2009); *Ocean Benignity Ltd. v. Ocean Maritime Co., Ltd.*, 09 Civ. 1324 (DAB), 2009 U.S. Dist. LEXIS 32775 (S.D.N.Y. April 3, 2009); *A. Elephant Corp. v. Hifocus Group Ltd.*, 08 Civ 9969 (HB), 2009 U.S. Dist. LEXIS 19396 (S.D.N.Y. March 10, 2009); *Optimum Shipping & Trading, S.A. v. Prestige Marine Services Pte. Ltd.*, 08 Civ. 9533 (JSR) (S.D.N.Y. Feb. 26, 2009) (on appeal, 09-0894-cv); *Annapolis Shipping Co. v. China National Machinery Imp. & Exp. Corp.*, 08 Civ. 10699 (LAP) (S.D.N.Y. Feb. 23, 2009P (on appeal, 09-0686-cv); *Great Eastern Shipping Co. Ltd. v. Maritime Tankers and Shipping Co. Int'l Ltd.*, 09 Civ. 502 (PKL), 2009 U.S. Dist. LEXIS

21358 (S.D.N.Y. Jan. 21, 2009); *Unicorn Bulk Traders Limited v. Fortune Maritime Enterprises, Inc.*, 08 Civ. 9710, 2009 U.S. Dist. LEXIS 3576 (S.D.N.Y. Jan. 20, 2009); *Vrita Marine Co. Ltd. v. Seagulf Trading LLC*, 572 F. Supp. 2d 411 (S.D.N.Y. 2008) (on appeal, 08 4565-cv); *Exmar Shipping N.V. v. Polar Shipping S.A.*, 06 Civ. 12991, 2008 U.S. Dist. LEXIS 65504 (S.D.N.Y. Aug. 27, 2008).[2]

Only one decision has said that the law has changed sufficiently to permit a District Court to hold a ship sale contract is maritime. In *Kalafrana Shipping Ltd. v. Sea Gull Shipping co. Ltd.*, 91 F. Supp. 2d 505 (S.D.N.Y. 2008), Judge Scheindlin considered that *Norfolk Southern Railway Co. v. James N. Kirby Pty. Ltd.*, 543 U.S. 14, 125 S. Ct. 385, 160 L. Ed. 2d 283 (2004) and *Folksamerica Reinsurance Co. v. Clean Water of New York, Inc.*, 413 F. 3d 307 (2d Cir. 2005) "support the demise of the holding in *The Ada*." 591 F. Supp. 2d at 509.

Both *Kirby* and *Folksamerica* involved "mixed contracts" containing maritime and non-maritime obligations. The decisions held that if the primary objective of a mixed contract is maritime commerce, then the entire contract, including the non-maritime obligations, are within the admiralty jurisdiction. There was no discussion of ship sale contracts or any other kinds of contracts of which the maritime or non-maritime nature has been debated over the years.

Judge Scheindlin also supported her decision by noting the case involved a breach of the maritime obligation of carrying out repairs to the ship.

Whatever may be the perceived merit in an argument that the primary objective of a ship sale contract is maritime commerce, we respectfully submit it is not the function of a District Court to make that determination, but for the Second Circuit (in light of *The ADA*), if not the U. S. Supreme Court (in light of *The ECLIPSE*). The District Court is bound by the clear precedent

---

[2] The electronic dockets of the three cases on appeal indicate they are to be argued in tandem some time after September 29, 2009. A firm date has not been set.

of a superior court unless intervening developments have made it certain the latter would repudiate its own precedent if given a chance. *Distribuidora Dimsa S.A. v. Line Aerea Del Cobre S.A.*, 768 F. Supp. 74, 77 (S.D.N.Y. 1991), *adhered to* 785 F. Supp. 49 (S.D.N.Y. 1992), *aff'd.* 976 f. 2d 90 (2d Cir. 1992).

The holdings in *Kirby* and *Folksamerica* have nothing to do with ship sale contracts and are not so clearly applicable to such contracts so as to make it a certainty that the Second Circuit would overrule *The ADA*. The Second Circuit itself will speak to this very issue in the very near future, and it would be inappropriate for a District Court to anticipate that decision prematurely.

## CONCLUSION

**THE COMPLAINT SHOULD BE DISMISSED**

Dated: September 29, 2009

> Respectfully submitted,
> BLANK ROME LLP
> Attorneys for Defendant
>
> By _____
> Jack A. Greenbaum (JG 0039)
> 405 Lexington Ave.
> New York, NY 10174
> Tel.: (212) 885-5000
> jgreenbaum@blankrome.com

5