USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 30, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

OCEAN BULKER I LLC,                                       :

        Plaintiff,                                       :        09 Civ. 6446 (PAC)

-against-                                                           :        <u>ORDER</u>

FLUVIOMAR INTERNATIONAL LIMITED,      :

        Defendant.                                       :

------------------------------------------------------------------x

      HONORABLE PAUL A. CROTTY, United States District Judge

      Defendant moves, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss Plaintiff's complaint for want of admiralty jurisdiction.

      Basically, the complaint seeks damages or specific performance of an option agreement under which Plaintiff seeks to compel Defendant to purchase a vessel. Plaintiff claims the options here are directly connected to the parties' rights and obligations concerning the operation of the vessel in maritime trade and commerce. As such, the option provisions are part of a larger agreement which calls for the management and operation of a vessel. Indeed, the options are simply a method of enforcing other maritime obligations. Thus, bound in a maritime relationship, the put and call option to buy or sell are imbued with maritime features and are subject to the Court's admiralty jurisdiction.

      Plaintiff's characterization of the agreement which it seeks to enforce is without merit. At issue here is what essentially is a purchase and sale agreement. Purchase and sale agreements for vessels are not subject to the Court's admiralty jurisdiction. <u>The</u>

Steamer Eclipse, 135 U.S. 599 (1890).  Certainly, in the Second Circuit, contracts for the sale of a vessel are not maritime and are not within the Court's admiralty jurisdiction.  The Ada, 250 F.194 (2d Cir. 1918).

Plaintiff relies on both Norfolk Southern Railway Co. v. James N. Kirby Pty Ltd., 543 U.S. 14 (2004), and the Second Circuit's interpretation and application of that case in Folksamerica Reinsurance Co. v. Clean Water of New York, Inc., 413 F.3d 307 (2d Cir. 2005), in support of its arguments.  Both cases deal with mixed contracts which contain both maritime and non-maritime obligations.  The cases stand for the proposition that if the mixed contracts are primarily maritime in nature, then the entire contract—including the non-maritime features—are subject to the Court's admiralty jurisdiction.  Thus, we now have admiralty jurisdiction over "train wrecks at sea."

The fact patterns of those two cases are substantially different from this case.  Moreover, neither case said anything which would call The Ada into question.  Here, whatever may be said of the parties' maritime relationship, it indisputably ended long before Plaintiff determined that it wanted to force Defendant to buy the vessel.  At issue now is a simple straight-forward sales contract for a vessel.  Such contracts are not maritime in nature and do not support admiralty jurisdiction.  Whatever may be said about the continuing vitality of the Second Circuit's holding in The Ada—and the court recognizes it has been criticized—it is the role and the function of the Circuit Court to make such changes, if any, which are necessary.  In the meantime, this Court is bound by The Ada.

Accordingly, Defendant's Motion, pursuant to Fed. R. Civ. P. 12(b)(1), to Dismiss Plaintiff's complaint for lack of subject matter jurisdiction, is GRANTED. The Clerk of the Court is directed to enter judgment and terminate the case.

Dated:  New York, New York
         September 30, 2010

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge